IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

       vs.                            Criminal Action 2:15-cr-210
                                     Judge Smith

KOBILJON TOIROV

## REPORT AND RECOMMENDATION

The United States of America and defendant Kobiljon Toirov
entered into a plea agreement whereby defendant agreed to enter a plea
of guilty to Count 1 of the *Information*, which charges him with making
false or fraudulent statements in violation of 26 U.S.C. §7206(1).  On
September 24, 2015, defendant, accompanied by his counsel, appeared
for a guilty plea proceeding.  Defendant consented, pursuant to 28
U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge.
*See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001)
[Magistrate Judge may accept a guilty plea with the express consent of
the defendant and where no objection to the report and recommendation
is filed]; *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001);
*United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997); *United
States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996). Defendant also
waived his right to an indictment in open court and after being
advised of the nature of the charge and of his rights.  *See* Fed. R.
Crim P. 7(b).

During the plea proceeding, the undersigned observed the
appearance and responsiveness of defendant in answering questions.
Based on that observation, the undersigned is satisfied that, at the
time he entered his guilty plea, defendant was in full possession of
his faculties, was not suffering from any apparent physical or mental
illness, and was not under the influence of narcotics or alcohol.

Prior to accepting defendant's plea, the undersigned addressed
defendant personally and in open court and determined his competence

1

to plead.  Based on the observations of the undersigned, defendant understands the nature and meaning of the charge returned in the *Information* and the consequences of the plea to Count 1 of the *Information*.  Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary.  Defendant acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States and filed on September 14, 2015, represents the only promises made by anyone regarding the charge in the *Information*.  Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, defendant may nevertheless not withdraw his guilty plea.

Defendant confirmed the accuracy of the material aspects of the statement of facts supporting the charge.  He confirmed that he is pleading guilty to Count 1 of the *Information* because he is in fact guilty of the offense charged in Count 1 of the *Information.*  The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 1 of the *Information* is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Count 1 of the *Information* be accepted.  Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office.  Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes.  Objections to the

presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

September 24, 2015                                    *s/  Norah McCann King*
 Date                                                        Norah M°Cann King
                                                    United States Magistrate Judge

3